GEORGE F. DITTMAN BOOT & SHOE CO. v. PRATT.

(Court of Civil Appeals of Texas. Galveston. Jan. 23, 1913.)

PRINCIPAL AND AGENT (§ 160½*)—LIABILITY OF PRINCIPAL — UNAUTHORIZED ACTS OF AGENT.

Where plaintiff's traveling salesman was not authorized to collect for it, plaintiff would not be bound by an agreement by the salesman with a customer, by which a balance due for goods sold was withheld to reimburse the customer for loss from indorsing a note for the salesman.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 160½.*]

Error from Sabine County Court; T. R. Smith, Judge.

Action by the George F. Dittman Boot & Shoe Company against G. E. Pratt. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

Hamilton & Minton, of Hemphill, for plaintiff in error.

PLEASANTS, C. J. This suit was brought by plaintiff in error against the defendant, G. E. Pratt, to recover the sum of $240.95, alleged to be the balance due upon an account for goods sold and delivered by plaintiff to defendant. In addition to a general demurrer, special exceptions, and general denial, the defendant's answer contains the following plea: "And for further plea defendant comes now and says that the account sued on herein by plaintiff is not just and true, and that defendant is not indebted to plaintiff in any sum of money whatever, and that the amount of $240.95 sued for herein by plaintiff is not due by defendant to plaintiff, in whole or in part; that said amount has long since been paid by defendant; that the account by defendant with plaintiff sued on herein was made with plaintiff's duly authorized agent, Joe Jackson, who as the salesman for said plaintiff, and who was fully authorized, under the custom and usage prevailing between wholesale and retail merchants at the time said account was made and sale entered into, which custom and usage was fully known to the plaintiff at the time plaintiff contracted and entered into said account, to make sales to the defendant of the goods purchased by him from plaintiff, under the terms and stipulations and representations which the said Joe Jackson, as agent of and salesman of plaintiff, should

make to the defendant in the sale of the goods purchased by the defendant from plaintiff, and that by custom and usage prevailing at the time of said sale between wholesale and retail merchants in the settlement of accounts and the payment for same by retail merchants the said sales agents of the said wholesale merchants were, by said custom and usage, fully authorized to collect and receipt for all amounts due by the retail merchant for his bill of goods bought from their sales agents, and to allow credits thereon to the wholesale merchants, which custom and usage was fully known to the plaintiff at the time the defendant purchased said bill of goods, itemized in the account set out in plaintiff's petition, from their sales agent, Joe Jackson; that said Joe Jackson, as the sales agent for said plaintiff, made said sale to the defendant of the goods itemized in said account set out in plaintiff's petition, and at the time said sale was made the said Joe Jackson, as agent for the said plaintiff, contracted and agreed with defendant to credit said account with the amount of $210.90, and to allow the same in said sale and on said account as a credit to defendant upon the final settlement of said bill so purchased by defendant by plaintiff; that thereafter, upon the maturity of said bill, defendant paid the same, and paid to the said Joe Jackson the sum of $210.90, being the amount sued on herein, and which amount defendant says he paid to the said Joe Jackson and plaintiff, and that, according to the usage and custom prevailing between retail merchants with wholesale merchants, acting through their duly accredited sales agents, was fully settled by defendant with plaintiff; and that he (defendant) is not at this time indebted to the plaintiff for any part of said $240.95, all of which he is ready to verify. Wherefore he asks judgment of the court," etc.

The trial in the court below, with a jury, resulted in a verdict and judgment in favor of the defendant.

The evidence shows that on June 1, 1908, plaintiff, on defendant's order, shipped him a bill of goods amounting to $843.70. The order for these goods was obtained from defendant by Joe N. Jackson, a traveling salesman for plaintiff. Defendant admits that he gave the order and received the goods, and that when the bill therefor became due he refused to pay plaintiff $240.95 of the purchase price of the goods. He testified that by an agreement made with Jackson at the time the order was given he was authorized to deduct from the purchase price of the goods an amount sufficient to protect him against loss by reason of his indorsement of a note given by Jackson to the First National Bank of Hemphill, and that because of Jackson's failure to pay the note he had been required to pay it, and the $240.95 bal-

ance due for the goods was withheld by him to reimburse him for the amount paid on this note.

Jackson denies that he made any such agreement, but the verdict of the jury settles this issue in favor of the defendant. The undisputed evidence, however, shows that Jackson had no authority to collect or receipt for money due plaintiff, and the invoice sent plaintiff, when the goods were shipped him, contained, on its face, this printed statement, "Our salesmen are not authorized to collect." There is not a scintilla of evidence tending to show that plaintiff ever authorized Jackson to make the agreement with the defendant, or had any knowledge of such agreement until the bill for the goods became due some months after the sale, and defendant refused to pay the balance due on the bill, giving as his reason therefor his agreement with Jackson that he might retain a sufficient amount out of said bill to protect him in his indorsement on Jackson's note. Upon this state of the evidence the trial court should have instructed the jury to find for the plaintiff.

It goes without saying that the defendant had no right, without plaintiff's knowledge and consent, to pay Jackson's debt to him with money belonging to plaintiff, and this is what the judgment in this case, in effect, permits. If the evidence had shown that Jackson was authorized to collect for plaintiff, still he would not have been authorized to pay his own debt with plaintiff's money, and the defendant would not have been permitted to appropriate plaintiff's money in this way.

We are of opinion that the judgment of the court below should be reversed, and judgment here rendered in favor of the plaintiff; and it has been so ordered.

Reversed and rendered.